NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRANCISCO ALEJANDRO HERRERA MACHARE,<br><br>                    Petitioner,<br><br>          v.<br><br>LUIS SOTO, *et al*<br>*Warden, Delaney Hall Detention Facility*<br><br>                    Respondent. | Civil Action No. 26-5411 (GC)<br><br>**MEMORANDUM & ORDER** |

Petitioner Francisco Alejandro Herrera Machare is proceeding with a counseled petition (Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  (ECF No. 1.)  According to his Petition, Petitioner is being held in immigration detention at Delaney Hall Detention Facility in Newark, New Jersey.  (*Id.* ¶¶ 2-3.)  Petitioner requests an order preventing Respondents from removing Petitioner from the United States or moving him to another detention facility without notice and an opportunity to be heard (*id.* at 5) and an order to show cause ("OTSC") directing Respondents to show cause within three days of the Court's order why the Petition should not be granted (ECF No. 1-2).

Chief Judge Renee Marie Bumb has entered a Text Order enjoining Petitioner's transfer from New Jersey pending further Order of the Court.  (ECF No. 2.)

---

[1]    Petitioner names as Respondents (in their official capacities): Warden, Delaney Contract Detention Facility; Jonathan Florentino, Acting Newark Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement ("ICE"); Todd Lyons, Acting Director of ICE; and Markwayne Mullin, Secretary of the Department of Homeland Security (ECF No. 1 at 1.)

28 U.S.C. § 2243 provides in relevant part that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Under this statutory provision, "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained.  It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

However, "[t]hat statute . . . is 'not the only statute governing a habeas petition.'" *Schumaker v. Knight*, No. 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024) (quoting *Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017)).  Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule 4"), applicable to 28 U.S.C. § 2241 cases through Habeas Rule 1(b), "provides the Court an alternative procedure, one that takes priority over the requirements of 28 U.S.C. § 2243."  *Id.*; *see also Iremashvili*, 2017 WL 935441, at *2 (explaining that, as a procedural rule subsequently adopted by the Supreme Court and approved by Congress, Habeas Rule 4 supersedes § 2243).  "Because Habeas Rule 4's flexible time limits apply, 'the Court is not obligated to issue a show-cause order. . . .; indeed, the common practice for courts in this District is to order respondents to answer within 45 days.'  *Iremashvili*, 2017 WL 935441, at *4."  *Benitez Castro v. Bondi*, No. 25-17598, 2025 WL 3213829, at *1 n.5 (D.N.J. Nov. 18, 2025).

Under Habeas Rule 4, the Court must promptly examine the Petition to determine whether it should be dismissed on the grounds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take

2

other action the judge may order." Habeas Rule 4. This Court has screened the Petition for dismissal pursuant to Habeas Rule 4 and has determined that dismissal without an expedited answer and production of the record is not warranted.

Pursuant to the All Writs Act, *see* 28 U.S.C. § 1651(a) (empowering the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"), the Court orders that Petitioner shall not be transferred from the District of New Jersey, or removed from the United States, pending further order of this Court.

**IT IS**, therefore, on this 14th day of May, 2026, **ORDERED** as follows:

**ORDERED** that Petitioner's request for an OTSC (ECF No. 1-2) is **DENIED**; and it is further

**ORDERED** that Respondents **SHALL NOT TRANSFER** Petitioner from the District of New Jersey, and **SHALL NOT REMOVE** Petitioner from the United States, pending further order of this Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1), the attachments to the Petition (ECF Nos. 1-1 through 1-8) and this Memorandum and Order upon Respondents by electronic mail and regular U.S. Mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1), the attachments to the Petition (ECF Nos. 1-1 through 1-8), and this Memorandum and Order to the

Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within fourteen (14) days of the date of entry of this Memorandum and Order, Respondents shall electronically file a full and complete answer to the Petition (ECF No. 1), which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the answer is filed; and it is further

**ORDERED** that within three (3) days after any change in Petitioner's custody or immigration status (be it release or otherwise) occurring any time during the pendency of this case, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

_____
**GEORGETTE CASTNER**
**United States District Judge**